IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


FRANK L. LATHAM,

    Plaintiff,

    v.                                                                     No. CIV 15-00242-MCA-CG

CORIZON HEALTH SERVICES,
FNU BACA, *Dr.*, KEVIN MEEKS,
*Case Worker*, and LOS LUNAS
CORRECTIONAL FACILITY,
*New Mexico*,

    Defendants.


MEMORANDUM OPINION AND ORDER

    This matter is before the Court *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis ("IFP"). For the reasons set out below, the Court will waive the initial partial payment, review the merits of Plaintiff's civil rights complaint, and dismiss certain of Plaintiff's claims.

    On May 22, 2015, the Court granted Plaintiff's application to proceed IFP pursuant to 28 U.S.C. 1915 and ordered Plaintiff to make an initial partial payment of $9.00 or show cause why the payment should be excused. [Doc. 12] In response Plaintiff submitted a letter to the Court stating that he did not have sufficient funds for the initial partial payment and asking the Court to mail a letter to his father requesting the funds. [*See* Doc. 16] On July 8, 2015, Plaintiff submitted a second letter to the Court, stating that his father had been unable to send him the funds for the initial partial payment due to difficulty with the Social Security Office. [*See* Doc.

17] On the basis of the foregoing, the Court will waive the initial partial payment pursuant to § 1915(b)(1). Plaintiff is reminded that he must pay the full amount of the filing fee ($350) in accordance with § 1915(b)(1), file monthly financial certificates, and make monthly payments of twenty per cent of the preceding month's income credited to his account or show cause why the payments should be excused.

Turning to the merits of Plaintiff's civil rights complaint, the Court notes that it has discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Amended Complaint[1] [Doc. 5] and Second Amended Complaint [Doc. 8], which the Court construes as a supplement to the Amended Complaint, allege that Defendants Corizon Health Services, Central New Mexico Correctional Facility (CNMCF) (also referred to as the Los Lunas Corrections Facility), Western New Mexico Correctional Facility (WNMCF), Mike Heredia, Warden of CNMCF, and Dr. Baca have been using the wrong catheters on Plaintiff,

---

[1] Plaintiff's original complaint was deficient because it was not filed on a proper form. [*See* Docs. 1, 2] The Court ordered Plaintiff to file an Amended Complaint on a proper form and Plaintiff complied with the Court's Order by filing the Amended Complaint on April 13, 2015. [*See* Docs. 2, 3]

resulting in pain, bleeding, swelling, and repeat infections. [Docs. 5, 8] The Amended Complaint and Second Amended Complaint further allege that Defendants have deprived Plaintiff, who is confined in a wheelchair, of access to a handicap shower and a handicap cell. [Docs. 5 and 8] Plaintiff also alleges that he was transferred to WNMCF in retaliation for filing the present lawsuit, [Doc. 5 at 5, 7] where he was beaten by another inmate because he was identified as an informant by Defendant Lieutenant Mark Ewell.[2] [Doc. 8 at 9] Lastly, Plaintiff alleges that he was deprived of pain medication, both for his repeat infections and for the injuries he sustained in the beating at WNMCF. [Doc. 5 at 8; Doc. 8 at 11] The Complaint seeks monetary damages and equitable relief. [Doc. 5 at 9; Doc. 8 at 7]

The Amended Complaint names Kevin Meeks, who is a case manager at CNMCF, as a defendant, alleging that he "is very hateful against ½ white and ½ Mexicans." [Doc. 5 at 2] "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110; *see also Monroe v. Owens*, 38 F. App'x 510, 516 (10th Cir. 2002) ("A complaint brought pursuant to § 1983 must state facts showing that a specific defendant acting under color of state law violated the constitutional rights, privileges, or immunities of a particular person.") (unpublished opinion). "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall*, 935 F.2d at 1110. Furthermore, the Court "will not supply additional factual allegations to round out a [pro se] plaintiff's complaint or construct a

---

[2] Although WNMCF and Lieutenant Mark Ewell were not named as defendants in the caption of the Amended Complaint or Second Amended Complaint, Plaintiff raises claims against them in the body of his pleadings and, therefore, they will be added as defendants. [*See* Doc. 5 at 21, Doc. 8 at 9-12] *See Trackwell v. United States Gov't*, 472 F.3d 1242, 1243-44 (10th Cir. 2007) ("[I]n a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are.").

legal theory on a plaintiff's behalf." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Plaintiff's conclusory factual allegations are insufficient to state a claim for relief that is plausible on its face and, therefore, Plaintiff's claims against Kevin Meeks will be dismissed.

CNMCF and WNMCF are operated by the New Mexico Corrections Department, which is a state agency. "[T]he Eleventh Amendment bars a suit brought in federal court by the citizens of a state against the state or its agencies . . . and applies whether the relief sought is legal or equitable." *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995) (internal quotation marks and citation omitted). "The Eleventh Amendment does not, however, bar a suit brought in federal court seeking to prospectively enjoin a state official from violating federal law." *Id.* (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)).

> The *Ex parte Young* exception, however, is a narrow one. First, there must be an ongoing violation of federal law. Second, it applies only to prospective relief and may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past. Finally, it has no application in suits against the States and their agencies, which are barred regardless of the relief sought.

*Buchwald v. Univ. of New Mexico Sch. of Med.*, 159 F.3d 487, 495 (10th Cir. 1998) (internal quotation marks and citations omitted). Because Plaintiff's claims against CNMCF and WNMCF are "barred regardless of the relief sought," *id.*, they will be dismissed. *See ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998) (noting that "a citizen's suit against a state agency is barred by the Eleventh Amendment just as surely as if the suit had named the state itself"); *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007).

To the extent that Plaintiff has raised a claim against Mike Heredia, Warden of CNMCF,

in his official capacity, the Court must determine whether the *Ex parte Young* exception is applicable. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (holding that a state official is not a person who has the capacity to be sued under § 1983, unless the state official has been sued for prospective injunctive relief). In his Amended Complaint and Second Amended Complaint, Plaintiff requests monetary damages, access to handicap showers and cells, the use of a particular brand of catheters, prescription pain medication, and removal of a write-up from his disciplinary record. [*See* Docs. 5 and 8] In determining whether the relief requested is retrospective or prospective, the "overriding question" is "whether the relief will remedy future rather than past wrongs." *Elephant Butte Irrigation Dist. of New Mexico v. Dep't of Interior*, 160 F.3d 602, 611 (10th Cir. 1998) (internal quotation marks and citation omitted). Plaintiff's request for monetary damages and removal of the write-up from his disciplinary record seek to remedy past wrongs and, therefore, are barred by the Eleventh Amendment. *See also ANR Pipeline Co.*, 150 F.3d at 1187 ("[W]hen a suit seeks money damages against an official of a state agency, suing that official in his or her official capacity, then the 'real party in interest' is the state, and the suit is barred by the Eleventh Amendment."). However, to the extent that Plaintiff requests a particular brand of catheters, access to handicap showers and cells, and prescription pain medication to address his future and ongoing health needs, the Court concludes that this request seeks to remedy a future wrong and, therefore, is not barred by the Eleventh Amendment.

    Having determined that Plaintiff's official capacity claim against Warden Heredia is not barred completely by the Eleventh Amendment, the Court next considers whether Plaintiff's Amended Complaint and Second Amended Complaint state a claim for relief. To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the

alleged constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.*; *see also Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) ("Section 1983 does not authorize liability under a theory of respondeat superior." (quoting *Brown* v. *Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011)). Rather, the plaintiff must demonstrate an "affirmative link" between the unconstitutional acts of the workers and the supervisor's "adoption of any plan or policy ...—express or otherwise—showing their authorization or approval of such misconduct." *Dodds v. Richardson*, 614 F.3d 1185, 1200-01 (10th Cir. 2010); *see also id.* at 1196 (explaining that the "affirmative link" requirement has three related prongs: (1) personal involvement, (2) sufficient causal connection, and (3) culpable state of mind).

Plaintiff fails to allege that Warden Heredia personally was involved in the decision to prescribe him certain catheters or deny him pain medication or that Warden Heredia adopted a plan or policy regarding the prescription of certain catheters or the denial of pain medication. *See Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (holding that "personal participation in the deprivation of medical care" is required to state a claim under the Eighth Amendment). Therefore, to the extent that Plaintiff alleges that Warden Heredia denied him medical treatment in violation of the Eighth Amendment, Plaintiff's claim will be dismissed.[3] However, the Court concludes that Plaintiff has stated a colorable claim against Warden Heredia for the denial of access to handicap showers and cells in violation of the Eighth Amendment. *See Muhammad v. Dep't of Corrections*, 645 F. Supp. 2d 299, 314-16 (D.N.J. 2008) (holding

---

[3] Warden Heredia's lack of alleged personal involvement is also fatal to Plaintiff's Eighth Amendment claim against him in his individual capacity for the denial of medical treatment. *See Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011) ("Personal liability under § 1983 must be based on personal involvement in the alleged constitutional violation.").

that the denial of a handicap-accessible shower and a handicap-accessible cell violates the Eighth Amendment).

  IT IS THEREFORE ORDERED that the Court will waive the initial partial payment pursuant to § 1915(b)(1);

  IT IS FURTHER ORDERED that the Clerk is directed to add WNMCF and Lieutenant Mark Ewell to the caption as defendants;

  IT IS FURTHER ORDERED that Plaintiff's claims against Kevin Meeks are DISMISSED; and Kevin Meeks is DISMISSED as a party to this action;

  IT IS FURTHER ORDERED that Plaintiff's claims against CNMCF and WNMCF are DISMISSED; and CNMCF and WNMCF are DISMISSED as parties to this action;

  IT IS FURTHER ORDERED that Plaintiff's Eighth Amendment claim against Warden Heredia is DISMISSED in part;

  IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the Amended Complaint and Second Amended Complaint [Docs. 5, 8], for Warden Heredia, Dr. Baca, and Lieutenant Mark Ewell;

  IT IS FURTHER ORDERED that the Clerk is directed to issue summons, with a copy of the Amended Complaint and Second Amended Complaint [Docs. 5, 8], for Corizon Health Services, c/o C T Corporation System, 123 East Marcy, Santa Fe, N.M. 87501.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge