IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANK L. LATHAM,

    Plaintiff,

  v.                                                                                                  No. CIV 15-00242-MCA-CG

CORIZON HEALTH SERVICES,
FNU BACA, *Dr.*, MARK EWELL,
*Lieutenant*, and FNU HEREDIA,
*Warden, Central New Mexico
Correctional Facility*,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on a letter by Plaintiff, filed on August 26, 2015. [Doc. 22] In his letter, Plaintiff repeatedly asks the Court to "please call Warden Mike Heredia in as a witness not a defendant." [Doc. 22 at 6; *see also* Doc. 22 at 1 ("As for Mike Heredia Being a Defendant no as a witness (yes)."); Doc. 22 at 2 ("so Mike Heredia not as a defendant, But as a witness"); Doc. 22 at 3 ("Warden Mike Heredia in this case only would be called as again a witness")]. Plaintiff explains that Defendant Heredia has "help[ed] [him] in the past" with handicap-accessible showers and "the catheters that [he has] been using for 21 years" and, therefore, Plaintiff only wants to name Defendant Heredia as a witness. [Doc. 22 at 1] The Court construes Plaintiff's letter as a notice of the voluntary dismissal of Plaintiff's claims against Defendant Heredia pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). *See Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (affirming the construction of a pro se letter requesting that a case be dismissed without prejudice as a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)). Defendant Heredia has not yet filed an answer or a motion for summary judgment and, therefore, Plaintiff "has an absolute right to dismiss without prejudice and no action is required on the part of the

court." *Id.*; *see also* Fed. R. Civ. P. 41(a)(1)(A) ("Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment").

In his letter, Plaintiff also asks this Court to "rethink" Magistrate Judge Garza's Order Denying Motion to Appoint Counsel [Doc. 20], because Plaintiff does not have sufficient funds to hire an attorney or an investigator. [Doc. 22 at 5]  The Court will construe Plaintiff's request as an objection to Magistrate Judge Garza's ruling on a nondispositive pretrial matter pursuant to Fed. R. Civ. P. 72(a). *See* Fed. R. Civ. P. 72(a) (providing that "[a] party may serve and file objections" to a magistrate judge's order on a nondispositive pretrial matter "within 14 days after being served with a copy").  Pursuant to Rule 72(a), "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Id.

The United State District Courts lack the authority under § 1915 to appoint counsel to represent indigent prisoners in most civil cases. *See Mallard v. United States District Court for S. District of Iowa*, 490 U.S. 296, 310 (1989) (holding that under 28 U.S.C. § 1915 the federal courts may not "make coercive appointments of counsel").  In certain exceptional circumstances, the court may, pursuant to 28 U.S.C. § 1915(e)(1), request the voluntary assistance of counsel.  In deciding whether to make such a request, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).  Ultimately, "[t]he burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

Magistrate Judge Garza appropriately considered the factors set forth in *Rucks*, 57 F.3d at 979,

and found that "Plaintiff appears to understand the issues in his case and appears to be representing himself in an intelligent and capable manner." [Doc. 20]   Because Magistrate Judge Garza applied the correct legal standard to Plaintiff's Motion to Appoint Counsel, the Court concludes that his Order Denying Motion to Appoint Counsel is not contrary to law.

Furthermore, Plaintiff has failed to demonstrate that Magistrate Judge Garza's Order was clearly erroneous.  The Court has reviewed the record in this case and agrees with Judge Garza that the case is neither sufficiently complex nor meritorious to merit a request for the voluntary assistance of counsel under § 1915(e)(1).  The Court further agrees with Magistrate Judge Garza that Plaintiff appears to understand the issues in his case and appears to be representing himself in an intelligent and capable manner.  Because Magistrate Judge Garza's Order Denying Motion to Appoint Counsel is neither clearly erroneous nor contrary to law, Plaintiff's objection [Doc. 22] will be overruled and the Order [Doc. 20] will be affirmed.

IT IS THEREFORE ORDERED that the claims against Defendant Heredia in Plaintiff's Amended Complaint and Second Amended Complaint [Docs. 5, 8] are DISMISSED without prejudice; and Defendant Heredia is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that Plaintiff's objection to Magistrate Judge Garza's Order Denying Motion to Appoint Counsel [Doc. 22] is OVERRULED and the Order Denying Motion to Appoint Counsel [Doc. 20] is AFFIRMED.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge