## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

FRANK L. LATHAM,

      Plaintiff,

    v.                                                                     No. CIV 15-00242-MCA-CG

CORIZON HEALTH SERVICES,
FNU BACA, *Dr.*, and MARK EWELL,
*Lieutenant*,

      Defendants.


### ORDER DENYING REQUESTS TO AMEND AND/OR SUPPLEMENT
### THE COMPLAINT AND GRANTING LEAVE TO FILE A
### CONSOLIDATED MOTION TO AMEND AND/OR SUPPLEMENT

    **THIS MATTER** is before the Court on various letters filed by Plaintiff, Frank L.

Latham, which, if construed liberally, appear to seek to add new claims and defendants

to the present civil rights action.  (*See* Docs. 26, 28, 29, 34, 37, 39, 40, 41, 42, 43).

Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis ("IFP").

Plaintiff's piecemeal requests to amend and/or supplement the complaint are denied

without prejudice and Plaintiff will be permitted leave to file a consolidated motion to

amend and/or supplement his civil rights complaint pursuant to Fed. R. Civ. P. 15(a)(2)

and 15(d) **on or before November 12, 2015**.

    Plaintiff filed his initial civil rights complaint on March 20, 2015.  (*See* Doc. 1).

Pursuant to the Court's Order to Cure Deficiency, (Doc. 2), Plaintiff filed an Amended

Civil Rights Complaint on the proper form on April 13, 2015.  (Doc. 5).   Eight days later,

Plaintiff filed a Second Amended Civil Rights Complaint on April 22, 2015, (Doc. 8),

which the Court has construed as a supplement to his Amended Civil Rights Complaint.

(*See* Doc. 19 at 2).

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings and it

provides, in relevant part, as follows:

> (1)     Amending as a Matter of Course.  A party may amend
> its pleading once as a matter of course within:
>
> (A)     21 days after serving it, or
>
> (B)     if the pleading is one to which a responsive pleading
> is required, 21 days after service of a responsive pleading or
> 21 days after service of a motion under Rule 12(b), (e), or (f),
> whichever is earlier.
>
> (2)     Other Amendments.  In all other cases, a party may
> amend its pleading only with the opposing party's written
> consent or the court's leave.  The court should freely give
> leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)-(2).  Pursuant to Rule 15(a), a plaintiff is permitted to amend his

complaint only once, as a matter of course.  Any subsequent amendments require "the

opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

Federal Rule of Civil Procedure 15(d) governs supplemental pleadings and it

provides as follows:

> On motion and reasonable notice, the court may, on just
> terms, permit a party to serve a supplemental pleading
> setting out any transaction, occurrence, or event that
> happened after the date of the pleading to be supplemented.
> The court may permit supplementation even though the
> original pleading is defective in stating a claim or defense.
> The court may order that the opposing party plead to the
> supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).  "Rule 15(d) gives the trial courts broad discretion to permit a

party to serve a supplemental pleading setting forth post-complaint transactions,

occurrences or events."  *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th

Cir. 2001).  "Such authorization should be liberally granted unless good reason exists

for denying leave, such as prejudice to the defendants."  *Id.* (internal quotation marks

omitted).  "The Court should apply the same standard for exercising its discretion under

Rule 15(d) as it does for deciding a motion under Rule 15(a)."  *Sw. Nurseries, LLC v.*

*Florists Mut. Ins., Inc.*, 266 F. Supp. 2d 1253, 1256 (D. Colo. 2003).

Although leave to amend the complaint "shall be given freely, the district court

may deny leave to amend where amendment would be futile."  *Jefferson Cty. Sch. Dist.*

*No. R-1 v. Moody's Inv'r Serv., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).  "A proposed

amendment is futile if the complaint, as amended, would be subject to dismissal."  *Id.*  A

§ 1983 civil rights complaint filed by a pro se plaintiff proceeding IFP is subject to

dismissal if it fails to allege "sufficient facts on which a recognized legal claim could be

based" or is "based on an indisputably meritless legal theory."  *Hall v. Bellmon*, 935 F.2d

1106, 1110, 1109 (10th Cir. 1991).  "[C]onclusory allegations without supporting factual

averments are insufficient to state a claim on which relief can be based."  *Id.* at 1110.

"This is so because a pro se plaintiff requires no special legal training to recount the

facts surrounding his alleged injury, and he must provide such facts if the court is to

determine whether he makes out a claim on which relief can be granted."  *Id.*

Furthermore, in a § 1983 civil rights case against multiple governmental defendants "it is

particularly important . . . that the complaint make clear exactly *who* is alleged to have

done *what* to *whom*."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)

(emphasis in original).

Turning to the merits of Plaintiff's requests to amend and/or supplement his civil

rights complaint, the Court notes that a "plaintiff may not simply file piecemeal

amendments and supplements to his complaint" and "it is entirely appropriate to require

Plaintiff to set forth all of his original and supplemental allegations and claims in a single

document." *Brown v. Harris*, No. Civ. A. 05-CV-02203-WD, 2006 WL 3833938, at *2 (D.

Colo. Dec. 28, 2006) (unpublished).  Thus, to the extent that Plaintiff seeks to amend

and/or supplement his civil rights complaint, the Court will deny Plaintiff's requests

without prejudice at this time and grant Plaintiff leave to file a consolidated motion to

amend and/or supplement his complaint, which contains all of his allegations and claims

against all of the existing defendants and any additional defendants that he seeks to

add to this case.  Plaintiff's proposed amended complaint should accompany his motion

and should be completed on a proper form.  *See* D.N.M.LR-Civ. 15.1 ("A proposed

amendment to a pleading must accompany the motion to amend.").

 Finally, the Court notes that Plaintiff has filed numerous letters with the Court,

which in addition to be being difficult to decipher, contain duplicative requests for relief,

reiteration of the claims raised in his civil rights complaint, and general complaints about

the conditions of his confinement.  (*See* Docs. 4, 11, 13, 14, 15, 16, 17, 18, 21, 22, 26,

28, 29, 30, 31, 33, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44).   The Court cautions Plaintiff

that "[t]he right of access to the courts is not absolute nor unconditional, and there is no

constitutional right of access to the courts to prosecute an action that is frivolous or

malicious." *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994).  Plaintiff has been

afforded the privilege of proceeding IFP and the leniency due to a pro se litigant, but

"[w]hen a litigant abuses these privileges, filing restrictions are appropriate." *Werner v.*

*State of Utah*, 32 F.3d 1446, 1447 (10th Cir. 1994).  Indeed, the Court has the inherent

authority to impose filing restrictions when a litigant's filings become "repetitive" and

"abusive."  *See, e.g.*, *Mendez v. One of the Connected [sic], Wired, Members of a Big Int'l Criminal Org.*, et al., CIV 10-0554 BB/WDS, Doc. 4, (D.N.M. June 17, 2010). Plaintiff's numerous duplicative filings are coming perilously close to satisfying this standard and warranting the consideration of the imposition of filing restrictions at some point in the future.

**IT IS THEREFORE ORDERED** that Plaintiff's requests to amend and/or supplement his civil rights complaint are **DENIED** without prejudice and Plaintiff is granted leave to file, **on or before November 12, 2015**, a consolidated motion to amend and/or supplement his civil rights complaint setting forth all of his allegations and claims against all of the existing defendants and any additional defendants that he seeks to add to this case;

**IT IS FURTHER ORDERED** that the Clerk is directed to send Plaintiff a § 1983 civil rights complaint form.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE