# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**FRANK L. LATHAM**,

    Plaintiff,

  v.                                                      No. CIV 15-00242-MCA-CG

**CORIZON HEALTH SERVICES**,
**FNU BACA**, *Dr.*, and **MARK EWELL**,
*Lieutenant*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on recent letters by the incarcerated pro se Plaintiff [*see* Docs. 36, 37, 39], in which Plaintiff seeks, in relevant part, a change of venue because he "feel[s] [he] won't get a fair hearing in Judge M. Christina's court room." [Doc. 39 at 6; *see also* Doc. 36 at 6 and Doc. 37 at 8]  The Court will liberally construe Plaintiff's requests for change of venue as a motion to disqualify the undersigned judge[1] and will deny the motion for the reasons explained below.

Title 28 of the United States Code, § 455(a) provides, in relevant part, that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  This statute "was designed to promote public confidence in the integrity of the judicial process by replacing

---

[1] "[P]ro se pleadings must be liberally construed" and "[t]he characterization of the action and the claim for relief by a pro se litigant is not dispositive on the availability of relief in federal court." *Roman-Nose v. New Mexico Dep't of Human Serv.*, 967 F.2d 435, 437 (10th Cir. 1992).

the subjective ['in the opinion of the judge'] standard with an objective test." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993) (quoting *Lijeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988)).  Under § 455(a) "factual allegations do not have to be taken as true," *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987), and "the judge's actual statement of mind, purity of heart, incorruptibility, or lack of partiality are not the issue," *Cooley*, 1 F.3d at 993.  Rather, "[t]he test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."  *Hinman*, 831 F.2d at 939.

The Tenth Circuit Court of Appeals has cautioned that § 455(a) "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."  *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *see also Hinman*, 831 F.2d at 939 ("A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation."). "Neither is the statute intended to bestow veto power over judges or to be used as a judge shopping device." *Nichols*, 71 F.3d at 351.  Indeed, "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require."  *Id.*

Our Circuit has "compiled a nonexhaustive list of various matters not ordinarily sufficient to require § 455(a) recusal:"

> (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law or has expressed a dedication to upholding the law or a determination to impose severe punishment within

2

>the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the defendant(s), or the type of charge, or kind of defense presented; (5) basely personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations appearing in the media, media notoriety, and reports in the media purporting to be factual, such as quotes attributed to the judge or others, but which are in fact false or materially inaccurate or misleading; and (7) threats or attempts to intimidate the judge.

*Id.*

Plaintiff contends that recusal or disqualification is warranted because the undersigned judge: (1) is a woman and "most if not all women do hate men charged with a sex crime" [Doc. 39 at 4]; (2) is not handicapped; (3) is a governmental employee; and (4) affirmed the denial of his request for the appointment of counsel. [*See* Doc. 36 at 6-8; Doc. 37 at 8; Doc. 39 at 4, 6; *see also* Doc. 32]   Plaintiff's unsupported and speculative assertions that the undersigned judge is biased or prejudiced against him based on gender, lack of disability, and/or governmental employment are insufficient to merit disqualification under § 455(a).  *See Willner v. Univ. of Kansas*, 848 F.2d 1023, 1027 (10th Cir. 1988) ("An unsubstantiated suggestion of personal bias or prejudice is insufficient to mandate recusal under section 455(a)."); *cf. Booth v. Internal Revenue Serv.*, No. 94-2115, 1994 WL 563437, at *2 (10th Cir. Oct. 14, 1994) (holding that "the judge's mere status as a taxpayer" did not implicate § 455(a) because "no 'reasonable person' would question judicial impartiality because the United States government paid the judge's salary from tax revenue" and noting that "recusal on such basis would mean that no federal judge could preside over the trial" (internal quotation marks and citation

3

omitted)) (unpublished).  Additionally, "[u]nfavorable judicial rulings do not in themselves call into question the impartiality of a judge." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006).  Because no reasonable person, knowing all the relevant facts, would harbor doubts about the undersigned judge's impartiality, Plaintiff's motion to disqualify the undersigned judge will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to disqualify the undersigned judge [Docs. 36, 37, and 39] is **DENIED**.

_____
**M. CHRISTINA ARMIJO**
Chief United States District Judge