IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANK L. LATHAM,

    Plaintiff,

  v.                                                         No. CIV 15-CV-00242-MCA-CG

CORIZON, LLC,[1] *et al.*,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's proposed amended Prisoner Civil Rights Complaint [Doc. 52], which was filed in response to the Court's Order Denying Requests to Amend And/Or Supplement the Complaint and Granting Leave to File a Consolidated Motion to Amend And/or Supplement. [Doc. 49]  Also before the Court is Plaintiff's Civil Rights Complaint in *Latham v. Perez, et al.*, 15-CV-01076-MCA-CG [Doc. 1], which was consolidated with the present case for all purposes pursuant to Fed. R. Civ. P. 42(a). [Doc. 64]  For the following reasons, Plaintiff's motion to amend the complaint will be denied and one of Plaintiff's claims will be dismissed.

**I.**    **FACTUAL AND PROCEDURAL HISTORY**

Plaintiff filed his initial civil rights complaint on March 20, 2015 [Doc. 1].  Pursuant to the Court's Order to Cure Deficiency [Doc. 2], Plaintiff filed an Amended Civil Rights Complaint on the proper form on April 13, 2015 [Doc. 5].  Eight days later, Plaintiff filed a Second Amended Civil Rights Complaint [Doc. 8], which the Court has construed as a supplement to the original complaint.  [Doc. 19 at 2]  Plaintiff's supplemented amended complaint [Docs. 5, 8] alleged that

---

[1] Corizon, LLC has been misidentified in the caption as Corizon Health Services.  [Docs. 24, 62, 63]  The Clerk of the Court will be directed to correct the caption.

Defendants Corizon, LLC (Corizon), Central New Mexico Correctional Facility (CNMCF), Western New Mexico Correctional Facility (WNMCF), Mike Heredia and Dr. Baca had violated Plaintiff's constitutional rights by depriving him of a handicap accessible shower and cell, the proper kind of catheters, and pain medication.  The supplemented amended complaint also alleged that Plaintiff was transferred to WNMCF in retaliation for filing the present lawsuit [Doc. 5 at 5, 7], where he was beaten by another inmate because he was identified as an informant by Defendant Lieutenant Mark Ewell [Doc. 5 at 8; Doc. 8 at 11].  The supplemented amended complaint seeks monetary damages and equitable relief [Doc. 5 at 9; Doc. 8 at 7].

On August 17, 2015, the Court dismissed Plaintiff's claims against Defendants CNMCF and WNMCF, because they were barred by the Eleventh Amendment of the United States Constitution.[2]  [Doc. 19 at 4]   The Court determined that Plaintiff had "stated a colorable claim against Warden Heredia for the denial of access to handicap showers and cells in violation of the Eighth Amendment," but dismissed Plaintiff's claims against Warden Heredia for the denial of medical treatment, because Plaintiff had failed to allege that "Warden Heredia personally was involved in the decision to prescribe him certain catheters or deny him pain medication or that Warden Heredia adopted a plan or policy regarding the prescription of certain catheters or the denial of pain medication."  [Doc. 19 at 6]

Corizon filed its answer to Plaintiff's supplemented amended complaint on September 10, 2015 [Doc. 24] and Defendants Baca and Ewell filed their answers on October 19, 2015 [Doc. 46, 48].  Plaintiff voluntarily dismissed his claims against Warden Heredia pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  [*See* Docs. 22, 32]

---

[2] The Court also dismissed Plaintiff's claims against Kevin Meeks, a case manager at CNMCF, because Plaintiff's "conclusory factual allegations [were] insufficient to state a claim for relief that is plausible on its face."  [Doc. 19 at 4]

Between August and October of 2015, Plaintiff filed approximately eighteen letters in the present case. [*See* Docs. 21, 22, 26, 28, 29, 30, 31, 33, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44] To the extent Plaintiff sought the disqualification of the undersigned judge, the Court denied Plaintiff's request because "no reasonable person, knowing all the relevant facts, would harbor doubts about the undersigned judge's impartiality." [Doc. 55 at 4] To the extent that Plaintiff sought to amend his supplemented amended complaint to add new claims and new defendants, the Court denied Plaintiff's requests without prejudice because "'a plaintiff may not simply file piecemeal amendments and supplements to his complaint' and 'it is entirely appropriate to require Plaintiff to set forth all of his original and supplemental allegations and claims in a single document.'" [Doc. 49 at 4 (quoting *Brown v. Harris*, No. Civ. A. 05-CV-02203-WD, 2006 WL 3833938, at *2 (D. Colo. Dec. 28, 2006) (unpublished))]. The Court permitted Plaintiff "leave to file a consolidated motion to amend and/or supplement his civil rights complaint pursuant to Fed. R. Civ. P. 15(a)(2) and 15(d) on or before November 12, 2015." [Doc. 49 at 1] Additionally, the Court cautioned Plaintiff that his "numerous duplicative filings are coming perilously close to . . . warranting the imposition of filing restrictions at some point in the future." [Doc. 49 at 5]

On November 10, 2015, Plaintiff timely filed an amended Prisoner's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [Doc. 52], which the Court has construed as a motion to amend the complaint. [Doc. 59 at 2] Thereafter, the Court set a briefing schedule on Plaintiff's motion to amend his complaint, requiring Defendants to file their response, if any, on or before December 7, 2015 and Plaintiff to file his reply, if any, on or before December 21, 2015. [Doc. 59 at 2] Defendants Ewell and Corizon timely filed their objections to Plaintiff's motion to amend the complaint. [*See* Docs. 61, 62] Corizon also filed a Motion for More Definite Statement [Doc. 63], requesting that, if Plaintiff's motion to amend the complaint is granted and a responsive

pleading from Corizon is deemed to be required, then Plaintiff should be ordered to "submit a more definite statement of his claims" pursuant to Fed. R. Civ. P. 12(e).

In the meantime, Plaintiff filed letters with the Court in which he expressed serious concern for his physical safety, because he had been assigned to a cell block where he previously had been beaten. [*See* Docs. 53, 54]  In response, the Court ordered Defendant Ewell to "investigate Plaintiff's allegations regarding his safety and threats of physical violence by other inmates in the HU-5 cell block and elsewhere, and consult with correctional facility authorities, if necessary." [Doc. 56]  Defendant Ewell responded that Plaintiff had been transferred "from CNMCF to WNMCF on October 20, 2015" and that "[t]he inmates at issue in the allegations leading to Plaintiff's Amended Complaint (Doc. 8) in this case are no longer at WNMCF."  [Doc. 58] Plaintiff was placed in general population at WNMCF for only a few hours, after which he "approached staff expressing a fear of harm, and requested protective custody."  [Doc. 58 at 2] Plaintiff was "placed in restrictive housing for his safety" and was "pending transfer to another institution."  [Doc. 58 at 2]  The record reflects that, in December 2015, Plaintiff was transferred from WNMCF to Northeast New Mexico Detention Facility (NENMDF).[3]  [Doc. 66]

As a result of Plaintiff's October, 2015 transfer to WNMCF, Plaintiff filed a new civil rights action against Pete Perez, Deputy Warden of WNMCF, the doctor at WNMCF, and Corizon. *See Latham v. Perez*, 15-CV-1076-MCA-CG.  In that case, Plaintiff alleged that "he has been deprived of a handicap-accessible cell and bathroom, that he is in imminent danger of physical

---

[3] Plaintiff recently has filed letters with the Court indicating that his physical safety is being threatened at NENMDF and that he is suicidal.  [*See* Docs. 75, 76]  The Court takes judicial notice of the fact that Plaintiff has filed a separate civil rights action in *Latham v. Hatch, et al.*, 16-CV-00095-KG-GJF, which raises claims regarding the conditions of his confinement at NENMDF, and in which the Court has ordered a Limited *Martinez* Report regarding "the steps taken by Defendants to secure Plaintiff's safety, both from himself and other inmates."  [16-CV-00095, Doc. 9]  *See St Louise Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting that "[j]udicial notice is particularly applicable to the court's own records").

harm due to threats posed by Defendant Mark Ewell and other inmates in general population, and that he has been forced to use the wrong type of catheters, resulting in pain and repeat infections." [15-CV-1076 Doc. 5; *see* Doc. 1]   Because the claims raised in 15-CV-10176 and the present case "relate to a common set of facts, events, or issues of law, and their consolidation may tend to avoid unnecessary costs or delay associated with separate trials," the Court consolidated the two cases for all purposes pursuant to Fed. R. Civ. P. 42(a).   [15-CV-1076 Doc. 5; 15-CV-242 Doc. 64]

## II.     DISCUSSION

### *A.     Plaintiff's Motion to Amend Complaint*

Federal Rule of Civil Procedure 15(a)(2) provides that, after a responsive pleading has been served, a plaintiff may amend his complaint with "the court's leave" and that "[t]he court should freely give leave when justice so requires."   Fed. R. Civ. P. 15(a)(2).   The purpose of this rule "is to provide the litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"   *Minter v. Prime Equip., Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962).   "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."   *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (internal quotation marks and citations omitted).   "The grant of leave to amend the

pleadings pursuant to Rule 15(a) is within the discretion of the trial court.'" *Minter*, 451 F.3d at 1204 (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)).

Plaintiff's proposed amended complaint [Doc. 52] seeks to add additional claims for "mental abuse" because of his "property being d[e]stroyed and later being replaced by trash." [Doc. 52 at 3]  Specifically, Plaintiff contends that "Captain Jaramillo, head of security orders" destroyed his private property.  [Doc. 52 at 4]  Plaintiff's proposed amended complaint fails to explain the factual circumstances surrounding the alleged destruction of his personal property or how the alleged destruction violated his constitutional rights.   To the extent that Plaintiff seeks to raise a procedural due process claim against Captain Jaramillo, the Court notes that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  This is because "when deprivations of property are effected through random and unauthorized conduct of a state employee, predeprivation procedures are simply 'impracticable' since the state cannot know when such deprivations will occur."  *Id.*  Thus, pursuant to *Hudson*, "the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy."  *Id.*; *see Smith v. Colorado Dep't of Corr.* 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").

State tort remedies are available to redress the alleged deprivation of Plaintiff's due process property rights.  *See* N.M.S.A. 1978, § 41-4-6(A) (waiving sovereign immunity for "property damage caused by the negligence of public employees while acting within the scope of their duties

in the operation or maintenance of any building, public park, machinery, equipment, or furnishings"); N.M.S.A. 1978, § 41-4-12 (waiving sovereign immunity for "property damage resulting from . . . violation of property rights or deprivation of any rights, privileges, or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties"). Therefore, Plaintiff's proposed amended complaint fails to state a claim for relief against Captain Jaramillo. *See Thomas v. New Mexico Corr. Dep't*, 272 F. App'x 727, 729 (10th Cir. 2008) (affirming the dismissal of the plaintiff's due process claim because under New Mexico law "an adequate postdeprivation remedy is available and there was no due process violation") (unpublished).

Plaintiff's proposed amended complaint also seeks to add a claim for the "write-ups" he received in retaliation for requesting a handicap-accessible cell and shower. [Doc. 52 at 4] However, the proposed amended complaint fails to describe the factual circumstances surrounding the "write-ups" and fails to identify the defendants or other individuals responsible for the "write-ups." In § 1983 cases against multiple governmental defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). "When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice. Likewise, insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). Because Plaintiff has failed to identify *who* wrote him up, *why* these write-ups occurred, and *how* they violated his constitutional rights, the Court concludes that his proposed amended complaint fails to state a plausible claim for relief.

Plaintiff's proposed amended complaint also seeks "to bring Western Facility Correction in to this lawsuit," because WNMCF failed to provide Plaintiff with a handicap-accessible cell and shower.[4]  [Doc. 52 at 5]   As previously explained, Plaintiff's § 1983 claims against WNMCF are barred by the Eleventh Amendment of the United States Constitution.  [*See* Doc. 19 at 4]  *See ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998) (noting that "a citizen's suit against a state agency is barred by the Eleventh Amendment just as surely as if the suit had named the state itself"), *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007).  Therefore, Plaintiff's proposed amended complaint fails to state a plausible claim for relief against WNMCF.

Plaintiff's proposed amended complaint asks the Court "to put Mike Heredia Warden" at CNMCF "back on as a defendant," because "he has shown his true colors by allowing and or giving the orders" to transfer Plaintiff.[5]  [Doc. 52 at 13-14]   However, "state and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992).  Absent some prohibited reason for the transfer, such as discrimination or retaliation for the exercise of a constitutional right, the transfer itself cannot be challenged."  *See id.*; *Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990).  Plaintiff's proposed amended complaint fails to allege any facts to support a reasonable inference that Warden Heredia ordered Plaintiff's transfer for a prohibited reason and, therefore, it fails to state a plausible claim for relief.

---

[4] The Court notes that Plaintiff's complaint in *Latham v. Perez, et al.*, 15-CV-1076-MCA [Doc. 1], which has been consolidated with the present case [15-CV-1076 Doc. 4; 15-CV-242 Doc. 64], asserts a constitutional claim against Pete Perez, Deputy Warden of WNMCF, for the failure to provide a handicap-accessible cell and shower.  This claim will be addressed in part II.B of this Memorandum Opinion and Order.

[5] The Court notes that Plaintiff's complaint in *Latham v. Perez, et al.*, 15-CV-1076-MCA [Doc. 1], which has been consolidated with the present case [15-CV-1076 Doc. 4; 15-CV-242 Doc. 64], also raises claims against Warden Heredia for the failure to provide Plaintiff with "hand-i-cap right[s]" at CNMCF.  [15-CV-1076, Doc. 1 at 7-8]   This claim will be addressed in Part II.B of this Memorandum Opinion and Order.

Lastly, Plaintiff's proposed amended complaint appears to allege that unspecified nurses and doctors employed by Corizon improperly treated him with insulin. [Doc. 52 at 14-15] "A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). "The test for constitutional liability of prison officials involves both an objective and subjective component." *Id.* (internal quotation marks and citation omitted). "The objective component is met if the deprivation is 'sufficiently serious,'" that is, if the "medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id.* (internal quotation marks and citations omitted). Under this standard, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). At most, Plaintiff's proposed amended complaint alleges that the Corizon doctors and nurses committed medical negligence when they diagnosed him with diabetes and treated him with insulin and, therefore, Plaintiff's proposed amended complaint fails to state a plausible claim for relief.

For the foregoing reasons, the Court concludes that Plaintiff's proposed amended complaint fails to state any plausible claims for relief. Therefore, the Court will deny Plaintiff's motion to amend the supplemented amended complaint as futile. Because Plaintiff's motion to amend will be denied, Corizon's motion for a more definite statement [Doc. 63] will be denied as

moot.

### B.   *Plaintiff's Complaint in 15-CV-1076*

Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's complaint in 15-CV-1076 alleges that Plaintiff, who is wheelchair-bound, does not have access to a properly functioning wheelchair or a handicap-accessible cell, shower, toilet or sink at WNMCF in violation of his "hand-i-cap" rights under the United States constitution and the American with Disabilities Act (ADA). [15-CV-1076, Doc. 1] Plaintiff's complaint further alleges that Plaintiff is being held in segregation, because he refused Defendant Ewell's order to return to his cell (HU-5) after he had been beaten and threatened by other inmates in that cell block. [Doc. 1 at 3] Plaintiff's complaint also alleges that the doctor at WNMCF, who is employed by Corizon, has not prescribed him the proper kind of catheters, resulting in pain, bleeding, and infections. Although not identified as defendants in the caption of the complaint,

Plaintiff's complaint also raises claims against Captain Jaramillo and Warden Heredia.  *See Trackwell v. United States Gov't*, 472 F.3d 1242, 143-44 (10th Cir. 2007) ("[I]n a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are.").  Specifically, the complaint alleges that Captain Jaramillo has deprived him of his property and that Warden Heredia has deprived him of his "hand-i-cap right[s]."  [Doc. 1 at 7-8]  The complaint requests monetary damages.  [Doc. 1 at 10]

Plaintiff's claims against Captain Jaramillo for the deprivation of his private property will be dismissed for failure to state a claim upon which relief may be granted pursuant to § 1915(e)(2)(B)(ii) for the reasons explained in part II.A of this Memorandum Opinion and Order.

With respect to Plaintiff's claims against Deputy Warden Perez, it is well established that "§ 1983 does not allow a plaintiff to hold an individual government official liable under a theory of respondeat superior," *Dodds v. Richardson*, 614 F.3d 1185, 1194-95 (10th Cir. 2010) (internal quotation marks omitted), and "individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."  *Id.* at 1195 (internal quotation marks omitted).  However, "[p]ersonal involvement does not require direct participation," because a plaintiff may "succeed in a § 1983 suit against a defendant-supervisor by demonstrating that (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional violation."  *Id.* at 1199.  Construed liberally, Plaintiff's complaint alleges that Deputy Warden Perez implemented a policy regarding the lack of handicap-accessible cells, showers, toilets, and sinks at WNMCF.  [Doc. 1 at 2]  The Court concludes that Plaintiff's complaint states a colorable claim against Deputy Warden Perez

for the violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution and the ADA. *See Muhammad v. Dep't of Corr.*, 645 F. Supp. 2d 299, 314-16 (D.N.J. 2008) (holding that the denial of a handicap-accessible shower and a handicap-accessible cell violates the Eighth Amendment); *see also Penn Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) (holding that "[s]tate prisons fall squarely within the statutory definition of 'public entity'" under Title II of the ADA, 42 U.S.C. § 12132).  Similarly, the Court concludes that Plaintiff's complaint states a colorable Eighth Amendment and ADA claim against Defendant Heredia, Warden of CNMCF, for the failure to provide handicap-accessible accommodations during his incarceration at CNMCF.[6]

The Court also concludes that Plaintiff's claims against the doctor at WNMCF and Corizon for the failure to provide him with the proper kind of catheters survive initial review under § 1915(e) and Fed. R. Civ. P. 12(b)(6).  *See Mata v. Saiz*, 427 F.3d at 751 ("A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.").

### III.  CONCLUSION

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to correct the caption to reflect that Corizon Health Services is Corizon, LLC;

IT IS FURTHER ORDERED that Plaintiff's motion to amend the complaint [Doc. 52] is DENIED;

IT IS FURTHER ORDERED that Defendant Corizon's Motion for More Definite

---

[6] As previously explained, Plaintiff raised an Eighth Amendment claim against Warden Heredia in his amended supplemented complaint [Docs. 5, 8] for failure to provide handicap accessible showers and cells at CNMCF, but he voluntarily dismissed this claim pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  [Docs. 22, 32]   However, Plaintiff's voluntary dismissal was "without prejudice" [Doc. 32] and, therefore, does not bar his present Eighth Amendment claim against Warden Heredia.  *See* Fed. R. Civ. P. 41(a)(1)(B) (noting that a "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice").

Statement [Doc. 63] is DENIED as moot;

IT IS FURTHER ORDERED that the Clerk of the Court is directed to add Captain Jaramillo to the caption as a defendant;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Jaramillo are DISMISSED and Defendant Jaramillo is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, along with a copy of the complaint [15-CV-1076 Doc. 1] and this Memorandum Opinion and Order, to: (1) Defendant Perez at WNMCF, P.O. Drawer 250, Grants, NM 87020; (2) Defendant Heredia at CNMCF, P.O. Drawer 1328, Los Lunas, NM 87031-1328; and (3) Defendant doctor at WNMCF, P.O. Drawer 250, Grants, NM 87020;

IT IS FURTHER ORDERED that Corizon is instructed to file its answer to the complaint [15-CV-1076 Doc. 1] or other responsive pleading within twenty-one days of the date of this Memorandum Opinion and Order.

                                                _____
                                                M. CHRISTINA ARMIJO
                                                Chief United States District Judge