IN THE UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANK L. LATHAM,

      Plaintiff,

v.                                                                              No. CV 15-00242-MCA-CG

CORIZON, LLC, et al.,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Defendants Mark Ewell, Mike Heredia, Ken Smith, and Pete Perez's *Limited* Martinez *Report Submitted on Behalf of Defendants Mark Ewell, FNU Heredia, Ken Smith, and Pete Perez* (the "Report"), (Doc. 127), filed December 12, 2016; and Plaintiff Frank Latham's letter to the Court, which the Court construes as a response to the Report (the "Response"), (Doc. 143), filed December 27, 2016. Also before the Court are Defendant Randolph Baca's *Motion for Summary Judgment* (the "Motion"), (Doc. 132), filed December 12, 2016; and Defendant Baca's *Reply in Support of Motion for Summary Judgment*, (Doc. 145), filed January 13, 2017. Chief United States District Judge M. Christina Armijo referred this case to Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition of this case. (Doc. 3).

Several additional motions are currently pending and ripe for review, including Defendant Perez's *Motion to Dismiss Claims against Defendant Pete Perez Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure*, (Doc. 94), filed July 1, 2016; Defendants Smith and Heredia's *Motion Pursuant to Rule 12(b)(6) to Dismiss Claims against Defendants FNU Heredia and Ken Smith*, (Doc. 129), filed December 12, 2016;

and Defendants Corizon, LLC, and Birdsong's *Motion to Dismiss for Failure to Follow Court Order*, (Doc. 133), filed December 13, 2016.

For the following reasons, the Court **RECOMMENDS** that: (1) Defendant Baca's Motion be **GRANTED**; (2) all of Plaintiff's remaining claims be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to exhaust available administrative remedies; and (3) all other pending motions be **DISMISSED AS MOOT**.

**I.    Background**

Plaintiff is currently an inmate in the New Mexico state correctional system. (Doc. 147). Plaintiff has filed two lawsuits pursuant to 42 U.S.C. § 1983 against numerous defendants over the conditions of his confinement. (*See* Docs. 1, 2, 5, 8, 52, 64). On December 7, 2015, the two cases were consolidated, given their similar legal and factual questions. (Doc. 64). Following consolidation and various motions, Plaintiff's surviving claims were: (1) violations of the Americans with Disabilities Act ("ADA") and Eighth Amendment to the United States Constitution by Defendants Warden Mike Heredia, Warden Ken Smith, and Deputy Warden Pete Perez for failure to provide Plaintiff with handicap accommodations at two correctional facilities;[1] (2) violation of the Eighth Amendment by Defendant Lieutenant Mark Ewell for causing Plaintiff to be assaulted and otherwise putting Plaintiff in danger; and (3) violations of the Eighth Amendment by Defendants Randolph Baca, M.D., Mary Birdsong, M.D., and Corizon, LLC, for repeatedly failing to provide Plaintiff with proper catheters and pain medications. (*See* Doc. 111 at 5-6).

---

[1] Defendants have moved to dismiss the claims against Defendants Heredia and Smith because claims against Warden Heredia were previously dismissed without prejudice and they have not been able to discern when or where in the docket claims against him were reinstated. (Doc. 129). As discussed in the Court's last PF&RD, (Doc. 111 at 4-5), Warden Heredia was previously dismissed without prejudice and was reinstated as a defendant on March 31, 2016, (Doc. 77 at 11-12).

On October 28, 2016, the Court ordered Defendants to produce a Limited *Martinez* Report. (Doc. 113). The Court directed Defendants to develop a report on the particular issue of whether Plaintiff exhausted available administrative remedies before filing suit. (Doc. 113 at 6). As explained in the *Order*, prisoners must exhaust all available administrative remedies before filing any lawsuit challenging prison conditions. (Doc. 113 at 4) (citing 42 U.S.C. § 1997e(a)). Further, "courts are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1226 (10th Cir. 2007). Finally, the Court informed the parties that it may use the Report in recommending whether to grant or deny summary judgment. (Doc. 113 at 5).

On December 12, 2016, Defendants filed the Report. (Doc. 127). The Report contains numerous affidavits, (Docs. 121-1 at 2-3; Doc. 127-4 at 13-14, 25-29; 127-6 at 7-9, 11-15, 17, 19-21, 31-34, 36-38, 40-42, 44; Doc. 127-7 at 1-2, 4-5; 127-8 at 20-22), as well as the New Mexico Corrections Department ("NMCD") Grievance Procedures effective at all times pertinent to Plaintiff's Complaints, (Docs. 127-1 at 5 to 127-4 at 11). The NMCD Grievance Procedure begins with an informal complaint, after which a complainant may file a formal grievance with a Grievance Officer. (Doc. 127 at 10). If a complainant is dissatisfied with the Grievance Officer's decision, he may appeal to the Warden of the facility and then to the Secretary of the Department of Corrections. (Doc. 127 at 10-11). According to Steve Madrid, statewide Grievance Appeals Coordinator for NMCD, Plaintiff has never exhausted NMCD's grievance procedures, nor has Plaintiff initiated the grievance procedure for his various claims in this lawsuit. (Docs. 127 at 12-16; 127-4 at 13-20). Rather, according to affidavits attached to the Report, Plaintiff

frequently verbally complains about the conditions of his confinement, Defendants respond in an attempt to address Plaintiff's concerns, and Plaintiff does not pursue formal grievances. (Docs. 127-4 at 25-26; 127-6 at 8, 11-15, 36-38).

The Report includes the affidavit of Mark Delgado, who was a Health Services Administrator at times relevant to this case. (Doc. 127-4 at 25). Mr. Delgado states that NMCD defendants have provided Plaintiff with his requested catheters and that he ceased complaining about the catheters. (Doc. 127-4 at 28). Further, Mr. Delgado explains that although Plaintiff states his wheelchair is broken and needs to be fixed, he refused to allow it to be inspected and repaired. (Doc. 127-4 at 28-29). Mr. Delgado's statements were corroborated by Defendant Smith's affidavit. (Doc. 127-6 at 12). Finally, several affidavits detail Defendants' efforts to accommodate Plaintiff's necessary handicap accommodations. (Doc. 127-4 at 26-27; 127-6 at 12-14; 127-7 at 1-2; 127-8 at 21). In short, Plaintiff has gone through several wheelchairs and cells, and Defendants attest they have accommodated Plaintiff's requests.

Defendant Baca also filed a motion for summary judgment in his favor. (Doc. 132). In the Motion, Defendant Baca states he is a psychiatrist who rendered psychiatric services to Plaintiff. (Doc. 132 at 2). Accordingly, he was not involved in prescribing or providing Plaintiff with catheters or pain medications of any kind, and Plaintiff has not shown any facts indicating he violated any of Plaintiff's constitutional rights. (Doc. 132 at 3). As such, Defendant Baca argues he is entitled to judgment as a matter of law.

In his Response, Plaintiff does not address his failure to initiate or exhaust the grievance procedure, nor does he argue that the grievance procedure is somehow a

sham or otherwise unavailable to him.² Rather, Plaintiff either consents or opposes dismissing various defendants. Plaintiff objects to dismissing Defendant Birdsong, (Doc. 143 at 1-2), Defendant Perez, (Doc. 143 at 5), and Defendant Ewell, (Doc. 143 at 7), and consents to dismissing Defendants Baca and Heredia, though he asks the Court to keep Defendants Baca and Heredia as "hostile witnesses." (Doc. 143 at 7). Plaintiff also requests the Court deem a Nurse Practitioner a "hostile witness." (Doc. 143 at 7).

## II.     Analysis

### a. Standard for Summary Judgment

The Court must grant summary judgment if there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Parties may show there is no genuine dispute as to material fact by citing documents, affidavits, or other declarations. FED. R. CIV. P. 56(c)(1). If a party fails to address another party's factual assertion, the Court may consider the fact undisputed and grant summary judgment notwithstanding the party's lack of a response. FED. R. CIV. P. 56(e). Finally, the Court may grant summary judgment independent of a motion, including on grounds not raised by the parties, if the Court gives notice and a reasonable opportunity to respond. FED. R. CIV. P. 56(f).

---

² The Court originally ordered Defendants to file the Report on November 28, 2016, and gave Plaintiff a month to respond to the Report. (Doc. 113 at 7). On Defendants' request, the Court extended the deadline to file to December 12, 2016, and gave Plaintiff until January 12, 2016, to respond. (Doc. 127). Three days before the Report was filed, Plaintiff informed the Court he had been moved from one correctional facility to another. (Doc. 126). Defendants stated the Report would be forwarded to Plaintiff at his new address. (Doc. 130 at 2). Then, three days after the Report was filed, the Court learned Plaintiff had been moved back to the first correctional facility. (See Court Only docket entry between Docs. 134 and 135; Doc. 136 at 1). In order to ensure Plaintiff received the Report, the Court ordered Defendants to serve Plaintiff with the Report by December 23, 2016, and gave Plaintiff until January 23, 2017, to respond. (Doc. 135). Plaintiff subsequently certified he received the Report on December 20, 2016. (Doc. 141 at 11-15). Thus, despite being moved, Plaintiff has received the Report and had ample time to read and respond to it.

### b. Plaintiff's Failure to Exhaust Administrative Remedies

The Prisoner Litigation Reform Act ("PLRA") provides that prisoners may not bring a suit challenging prison conditions without first exhausting available administrative remedies. 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all suits brought under federal laws, including § 1983, the ADA, and the Eighth Amendment. § 1997e(b); *see Tuckel v. Grover*, 660 F.3d 1249 (10th Cir. 2011) (requiring exhaustion of available remedies in prisoner's action alleging violation of his Eighth Amendment rights); *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059-60 (9th Cir. 2007) (requiring exhaustion of available remedies before filing ADA claim). Further, the exhaustion requirement "applies to all suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

"[C]ourts are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda*, 478 F.3d at 1226. Further, administrative remedies may be unavailable in certain circumstances, in which case a prisoner would not be required to exhaust "unavailable" remedies. *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016). The Supreme Court of the United States gave three examples of when administrative remedies are unavailable: (1) when "an administrative procedure . . . operates as a simple dead end–with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) when "an administrative scheme is so opaque that it becomes, practically speaking, incapable of use;" and (3) "when prison administrators thwart inmates from taking advantage of grievance procedures through machination, misrepresentation, or intimidation." *Id.*

As a prisoner, Plaintiff clearly falls within the PLRA's exhaustion requirements. However, according to the uncontroverted Report, Plaintiff has not even initiated the NMCD grievance procedure with regard to any of his claims in this suit, much less exhausted the grievance procedure. As discussed, Plaintiff failed to explain why he has not done so in his Response.

Further, the grievance procedure is not "unavailable" to Plaintiff. None of the examples in *Ross* appear applicable here. First, the Court cannot say that the NMCD grievance procedure "operates as a simple dead end" given the evidence in the Report. On the contrary, the Report contains numerous affidavits from officers detailing their efforts to accommodate Plaintiff's verbal complaints, including his complaints regarding the subject matter of the instant lawsuit. (Docs. 127-4 at 25-26; 127-6 at 8, 11-15, 36-38). If Plaintiff has been dissatisfied with the results, he has not pursued the formal grievance process. At the very least, the uncontroverted affidavits show Defendants have not been consistently unable or unwilling to respond to Plaintiff's complaints.

Second, NMCD's grievance procedure is not "so opaque" that Plaintiff cannot be expected to use it. The grievance policy is straightforward, involving timely disposition and appeal at each step. (Doc. 127-1 at 13-17). Third, there is no evidence prison administrators have thwarted Plaintiff from using the grievance procedure. Although Defendants might not necessarily admit they have prevented Plaintiff from filing or pursuing grievances, Plaintiff has not alleged they have done so despite the opportunity to respond to the Report. Accordingly, the Court finds Plaintiff has not exhausted available administrative remedies.

Because there is no genuine dispute as to whether Plaintiff exhausted available administrative remedies and the PLRA entitles Defendants to judgment as a matter of law, the Court recommends granting summary judgment in Defendants' favor. In particular, the Court recommends dismissing without prejudice Plaintiff's claims against Defendants Heredia, Smith, Ewell, Birdsong, and Corizon, LLC. This gives Plaintiff an opportunity to refile after he has exhausted NMCD's grievance procedure.

### c. *Defendant Baca's Motion for Summary Judgment*

On December 12, 2016, Defendant Baca filed a *Motion for Summary Judgment*, arguing he is entitled to judgment as a matter of law because Plaintiff has failed to show any facts connecting him to Plaintiff's alleged violation of his Eighth Amendment rights. (Doc. 132 at 3). In response, Plaintiff did not contradict Defendant Baca; rather, Plaintiff consents to dismissing Defendant Baca. (Doc. 143 at 5). Because Plaintiff has failed to show how Defendant Baca was involved in violating his Eighth Amendment rights, and Plaintiff consents to his dismissal, Plaintiff's claims against Defendant Baca should be dismissed with prejudice.

### d. *Other Pending Motions*

Finally, the Court recommends finding all other pending motions moot. Three motions to dismiss are currently pending, and all request dismissal for different reasons. (See Docs. 94, 129, 133). Because the Court recommends dismissing all of Plaintiff's claims on other grounds, it is unnecessary to reach the merits of the three pending motions to dismiss. Rather, as explained, Defendants are all entitled to summary judgment on other grounds.

### III. Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that Defendant Baca's *Motion for Summary Judgment* be **GRANTED** and Plaintiff's claims against him be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's *Prisoner's Civil Rights Complaint*, (Doc. 52), and second *Prisoner's Civil Rights Complaint*, (CV-15-1076-MCA-CG Doc. 1)) be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to exhaust available administrative remedies as required by the PLRA.

**FINALLY, IT IS RECOMMENDED** that Defendant Perez's *Motion to Dismiss Claims against Defendant Pete Perez Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure*, Defendants Smith and Heredia's *Motion Pursuant to Rule 12(b)(6) to Dismiss Claims against Defendants FNU Heredia and Ken Smith*, and Defendants Corizon, LLC, and Birdsong's *Motion to Dismiss for Failure to Follow Court Order*, all be **DISMISSED AS MOOT**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE