IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANK L. LATHAM,

    Plaintiff,

v.                                                                     No. CV 15-00242-MCA-CG

CORIZON, LLC, et al.,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on United States Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* ("PFRD"), (Doc. 151), filed February 2, 2017; Defendants Mark Ewell, Ken Smith, FNU Heredia, and Pete Perez's (collectively the "NMCD Defendants") *NMCD Defendants' Objections to Magistrate Judges Proposed Findings and Recommended Disposition (Doc. 151)*, (Doc. 153), filed February 16, 2017. In the PFRD, the Magistrate Judge concluded that Plaintiff Frank Latham did not exhaust available administrative remedies and his complaints should therefore be dismissed without prejudice. (Doc. 151 at 2, 9).

The parties were notified that written objections to the PFRD were due within 14 days, (Doc. 151 at 9), though three more days are allowed if service is by mailing to the party's last known address. FED. R. CIV. P. 6(d). The NMCD Defendants filed one objection. (Doc. 153). Plaintiff has not filed objections or responded to the NMCD Defendants' objection, and the time for doing so has passed. D.N.M.LR-Civ 7.4(a). After a *de novo* review of the record and the PFRD, the Court adopts the Magistrate Judge's

PFRD in part, grants the NMCD Defendants' objection, and dismisses Plaintiff's remaining claims with prejudice.

## I. Background

Plaintiff is a wheelchair-bound inmate in the New Mexico state correctional system. Plaintiff has filed two lawsuits under 42 U.S.C. § 1983 against numerous defendants alleging violations of his federal constitutional and statutory rights. (*See* Docs. 1, 2, 5, 8, 52, 64). The Court consolidated Plaintiff's suits on December 7, 2015. (Doc. 64). After various orders adding or dismissing parties and claims, Plaintiff's surviving claims were: (1) violations of the Americans with Disabilities Act ("ADA") and the Eighth Amendment to the United States Constitution by Warden Mike Heredia (FNU Heredia in the caption), Warden Ken Smith, and Deputy Warden Pete Perez for their alleged failure to provide Plaintiff adequate handicap accommodations; (2) violation of the Eighth Amendment by Lieutenant Mark Ewell, a corrections officer, for allegedly assaulting and placing Plaintiff in danger of being assaulted by other inmates; and (3) violations of the Eighth Amendment by Defendants Corizon, LLC, Randolph Baca, M.D., and Mary Birdsong, M.D., for repeatedly failing to provide Plaintiff with pain medication or proper catheters. (*See* Docs. 5, 8, 19, 32, 77). All Defendants have filed motions to dismiss or motions for summary judgment in their favor. (Docs. 94, 129, 132, 133).

On October 28, 2016, the Magistrate Judge ordered Defendants to produce a Limited *Martinez* Report (the "Report"). (Doc. 113 at 6); *see Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (permitting courts to order prison officials to investigate and report on the facts underlying a prisoner's complaint). The *Martinez* Report was limited to the issue of whether or not Plaintiff exhausted available administrative remedies before

filing his lawsuits as required by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Doc. 113 at 6). The Magistrate Judge explained the exhaustion requirement, (Doc. 113 at 4-5), noted the Court may consider the *Martinez* Report in deciding whether or not to grant summary judgment, (Doc. 113 at 5), and eventually gave Plaintiff until January 23, 2017, to respond to the Report, (Doc. 135).

Defendants filed the Report on December 12, 2016. (Doc. 127). The Report contains numerous affidavits detailing Plaintiff's frequent verbal complaints and all Defendants' efforts to accommodate those complaints. (Doc. 127-4 at 13 through Doc. 127-8 at 22). The Report also contains the New Mexico Department of Corrections (NMCD) Grievance Procedures in effect at all times relevant to Plaintiff's complaints. (Doc. 127-1 at 5 through Doc. 127-4 at 8). According to the NMCD Grievance Appeals Coordinator, Plaintiff has not initiated or exhausted any grievance related to his claims in this case. (Doc. 127-4 at 13-14). Consequently, the NMCD Defendants argued Plaintiff's claims should be dismissed with prejudice for his failure to exhaust the Grievance Procedures. (Doc. 127 at 16).

The Magistrate Judge construed a letter from Plaintiff as a response to the Report. (Doc. 151 at 4-5). In the letter, Plaintiff objects to dismissing Defendants Birdsong, Ewell, and Perez, but consents to dismissing Defendants Baca and Heredia. (Doc. 143 at 1-2, 5, 7). On January 25, 2017, Plaintiff sent a letter informing the Court he had been transferred to another facility and requested help with getting an attorney. (Doc. 147). Plaintiff has not otherwise responded to the Report.

On February 2, 2017, the Magistrate Judge entered her PFRD reviewing the Report. The Magistrate Judge found Plaintiff did not exhaust available administrative

remedies as required by the PLRA. (Doc. 151 at 7-8). As discussed, the Report indicates Plaintiff never exhausted or even initiated the Grievance Procedure. (Doc. 127 at 12-16; Doc. 127-4 at 13-20). Further, nothing in the Report suggests the Grievance Procedure was in fact "unavailable" to Plaintiff. *See Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016). The Magistrate Judge therefore recommended dismissing Plaintiff's claims without prejudice so he may take advantage of the Grievance Procedure. (Doc. 151 at 8); *see Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1224-25 (10th Cir. 2007) (noting district court dismissed without prejudice for failure to exhaust); *Mehdipour v. Swenson*, No. 03-6054, Fed. Appx. 884 (10th Cir. Sept. 11, 2003) (unpublished) (affirming dismissal without prejudice). The Magistrate Judge also recommended dismissing all other pending motions as moot. (Doc. 151 at 8-9).

The NMCD Defendants timely objected to the PFRD. (Doc. 153). Plaintiff did not object to the PFRD, nor has he responded to the NMCD Defendants' objections, and the time for doing either has passed. D.N.M.LR-Civ 7.4(a).

## II.   Objections

Pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district judge may, under 28 U.S.C. § 636(b), refer a pretrial dispositive motion to a magistrate judge for proposed findings of fact and recommendations for disposition. Within fourteen days of being served, a party may file objections to this recommendation. Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. A party may respond to another

party's objections within fourteen days of being served with a copy; the rule does not provide for a reply. FED. R. CIV. P. 72(b).[1]

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected.  28 U.S.C. § 636(b)(1)(C).  Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency."  *U.S. v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996).  Objections must be timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  *Id.* at 1060.  Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also U.S. v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

In this case, the NMCD Defendants object to the Magistrate Judge's recommendation that Plaintiff's claims be dismissed without prejudice. (Doc. 153 at 1-2). Rather, the NMCD Defendants ask the Court to dismiss Plaintiff's claims with prejudice due to Plaintiff's failure to timely exhaust administrative remedies. (Doc. 153 at 5). The NMCD Defendants note Plaintiff never initiated the Grievance Procedure and that he was required to do so within five working days of any incident he complained of. (Doc. 153 at 3) (citing Doc. 127-1 at 13).

---

[1] The Federal Rules of Civil Procedure may be applied to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings.  Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

According to the NMCD Defendants, the Supreme Court of the United States considered these exact circumstances in *Woodford v. Ngo*, 548 U.S. 81 (2006). In *Woodford*, the issue before the court was whether the PLRA requires "timely" exhaustion of administrative procedures. 548 U.S. at 88. The Supreme Court held that the PLRA requires "proper" exhaustion of administrative remedies, including timely filing grievances. *Id.* at 91, 93 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . ."). Otherwise, a prisoner's failure to exhaust would "carr[y] no significant sanction." *Id.* at 95. As the Supreme Court explained,

> a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file on time. If the prison then rejects the grievance as untimely, the prisoner could proceed directly to federal court . . . We are confident that the PLRA did not create such a toothless scheme.

*Id.*

The NMCD Defendants' objection is well-taken. If the Court dismissed Plaintiff's claims without prejudice, Plaintiff could untimely file his grievance now and return to federal court after the grievance's likely dismissal. Plaintiff would effectively be allowed to bypass NMCD's Grievance Procedures and would suffer "no significant sanction" for his failure to comply with the PLRA. *Woodford* holds Plaintiff must timely exhaust available administrative remedies as a predicate to pursuing his claims in federal court. *Id.* Plaintiff did not do so; therefore he may not pursue his underlying claims in federal court, now or in the future. Accordingly, the Court will dismiss Plaintiff's claims with prejudice.

### III.     Conclusion

For the foregoing reasons, the Court finds that the Magistrate Judge conducted the proper analysis and correctly concluded that Plaintiff's claims should be dismissed. However, the Court will grant the NMCD Defendant's objection to the PFRD. Regarding the remaining motions, neither Plaintiff nor any Defendant objected to dismissing the pending motions as moot.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's *Proposed Findings and Recommended Disposition*, (CV Doc. 14), should be **ADOPTED IN PART**. Plaintiff's complaints, (Docs. 1, 8, 9; CV-15-1076 Doc. 1), are **DISMISSED WITH PREJUDICE**. The pending motions to dismiss or for summary judgment, (Docs. 94, 129, 132, 133), are **DENIED AS MOOT**.

_____
THE HONORABLE M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE